UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **JACI LOVELESS BRASHER** | **CASE NO. 6:24-CV-00207** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **15th JUDICIAL DISTRICT COURT, ET AL** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

## REPORT AND RECOMMENDATION

Before the Court is the civil action filed by Jaci Loveless Brasher (Rec. Doc. 1). Plaintiff is proceeding in this lawsuit without the assistance of legal counsel and *in forma pauperis*. (Rec. Doc. 4). Plaintiff's complaint underwent preliminary review pursuant to 28 U.S.C. § 1915(e)(2)(B) to determine, prior to service of the complaint on defendants, whether the complaint is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. For the reasons explained below, the Court recommends that certain defendants be dismissed as frivolous and for failure to state a claim upon which relief may be granted as the Court lacks jurisdiction.

## Background

Plaintiff filed a Complaint for Violation of Civil Rights (Rec. Doc. 1) on February 9, 2024, naming a multitude of defendants, including the judges and staff

of the Fifteenth Judicial District Court ("15th JDC"), the 15th JDC, the State of Louisiana, several local police departments and sheriff offices, as well as various seemingly unrelated private entities, including attorneys, counselors, mental health therapists, the Department of Children and Family Services, several social workers, and a private elementary school. (*Id.*). Plaintiff seeks relief under 42 USC § 1983 requesting, in part, "immediate recovery of minor children"; "injunction to prohibit further retaliation, abuse of judicial system, prohibit filings that are fraudulent"; "void/vacate all fraud orders obtained through fraud of the court"; "removal of office for all involved in the conspiracy against suspension rights [and] crimes against children/humanity"; "damages for all of the irreparable harm that will be lifelong trauma"; damages for the malicious prosecution in family court, which was not due process[,] $12,600,000 – 7 days - $1,800,00/day." (*Id.* at pp. 17-18). The allegations relate to a child custody dispute occurring in the 15th JDC resulting in the removal of Plaintiff's children from her custody. (*Id.*). Plaintiff also alleges she was wrongfully detained and denied her medication while incarcerated. (*Id.*). Plaintiff's Complaint includes almost 400 pages of various writings and documents attached as Exhibits A and B. (Rec. Docs. 1-2 & 1-3).

## Law and Analysis

### A. Leniency for *Pro Se* Litigants

Plaintiff is not represented by counsel. The pleadings of *pro se* litigants are held to a more lenient standard than those of attorneys and are construed liberally to prevent a loss of rights that might result from inartful expression. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002); *Cledera v. United States*, 834 Fed. App'x 969, 972 (5th Cir. 2021) (citing *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006)). However, *pro se* plaintiffs are required to plead factual allegations that rise above a speculative level, and courts should not create causes of action where none exist. *Chhim v. University of Texas at Austin*, 836 F.3d 467, 469 (5th Cir. 2016); *see also, Taylor v. Books A Million, Inc.*, 296 F.3d at 378; *Cledera v. United States*, 834 Fed. App'x at 972). A *pro se* litigant should ordinarily be offered an opportunity to amend his complaint before it is dismissed but leave to amend is not required if an amendment would be futile, or if, in other words, an amended complaint would still fail to survive a Rule 12(b)(6) motion to dismiss. *Mendoza-Tarango v. Flores*, 982 F.3d 395, 402 (5th Cir. 2020); *Marucci Sports, L.L.C. v. NCAA*, 751 F.3d 368, 378 (5th Cir. 2014). Furthermore, *pro se* litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986). Litigants who abuse the judicial process are "not entitled to sue and appeal without

paying the normal filing fees – indeed, are not entitled to sue and appeal, period." *Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989).

**B.     Screening of Complaints Filed *In Forma Pauperis***

Plaintiff filed a motion for *in forma pauperis* status. (Rec. Doc. 4). An indigent person may bring an *in forma pauperis* action in federal court without paying costs. 28 U.S.C. § 1915(a)(1). District courts screen such complaints and may dismiss them at any time if the allegation of poverty is untrue or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *see also, Smilde v. Snow*, 73 Fed. App'x 24, 25 (5th Cir. 2003). A dismissal "at any time" includes dismissal at the initiation of the action before the defendant has appeared. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986). This "discourage[s] the filing of, and waste of judicial and private resources upon, baseless lawsuits" and "spare[s] prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324; 327 (1989). A court must not dismiss a complaint simply because the facts presented by the plaintiff appear unlikely. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). However, a complaint must allege a set of facts sufficient "to state a claim. . . that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Therefore, a district court may review a complaint and dismiss *sua sponte* those

claims premised on meritless legal theories and those that clearly lack any basis in fact. *Denton v. Hernandez*, 504 U.S. at 32 (citing *Neitzke v. Williams*, 490 U.S. at 327).

In determining whether a complaint filed by a plaintiff proceeding *in forma pauperis* fails to state a claim, the court should apply the same standards governing dismissals under Fed. R. Civ. P. 12(b)(6). *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009). Thus, the court must limit itself to the contents of the pleadings, accept all well-pleaded facts as true, view the facts in a light most favorable to the plaintiff, and determine whether the plaintiff has plead "enough facts to state a claim to relief that is plausible on its face." *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007).

**C. Defendants**

**1. 15th JDC**

Fed.R.Civ.P. Rule 17(b) provides that the "capacity to sue or be sued shall be determined by the law of the state in which the district court is held." As such, Louisiana law governs whether the 15th JDC has the capacity to be sued in this action. Under Louisiana law, to possess such a capacity, an entity must qualify as a "juridical person." This term is defined by the Louisiana Civil Code as "... an entity to which the law attributes personality, such as a corporation or partnership." La. Civ.Code Ann. art. 24. In *Roberts v. Sewerage & Water Board of New Orleans*, the

Louisiana Supreme Court explained that "a local government unit may be deemed to be a juridical person separate and distinct from other government entities [] when the organic law grants it the legal capacity to function independently and not just as the agency or division of another governmental entity." *Roberts v. Sewerage & Water Board of New Orleans,* 634 So. 2d 341, 347 (La. 1994). Thus, where there is no constitutional or statutory authority for the entity to sue or be sued, that entity is without capacity under the *Roberts* analysis. *City Council of Lafayette v. Bowen*, 649 So.2d 611, 613-616 (La.App. 3rd Cir.1994), writ denied, 650 So.2d 244 (La. 1995).

Under these guidelines (Fed. R. Civ. P. 17(b) and La. Civ. Code Ann. Art. 24), the 15th JDC is a non-juridical entity and is not capable of being sued. *Carter v. Sheriff's Office Calcasieu Parish*, 2014 U.S. Dist. LEXIS 7984, *6 (W.D. La. 2014) (*citing Moity v. Louisiana State Bar Asso*., 414 F. Supp. 180, 182 (E.D. La.1976) ("state courts are not considered 'persons' within the meaning of § 1983."), aff'd, 537 F.2d 1141 (5th Cir.1976). Accordingly, it is recommended that the 15th JDC be dismissed from this action.

### 2. Lafayette Parish Corrections Center ("LPCC")

As previously stated, Louisiana law governs whether LPCC is an entity which can be sued, i.e. whether it qualifies as a "juridical person." Fed. R. Civ. P. 17(b). LPCC is not an entity capable of being sued. LPCC is a parish corrections facility operated by the Sheriff of Lafayette Parish. *Piearson v. Corr. Ctr. Lafayette Parish*,

2006 U.S. Dist. LEXIS 95214, 2006 WL 4012476 (*citing* La. Atty. Gen. Op. No. 03-0437, 2003 WL 23146623; *Langley v. City of Monroe*, 582 So.2d 367 (La.App.2d Cir. 1991) and La. R.S.15:702 (The parish governing authority is charged with the duty to provide a good and sufficient jail and to provide for the physical maintenance of parish jails and prisons; however, the administration of such jails is within the province of the sheriff who has the duty of operating the jail and insuring that prisoners are properly cared for, fed and clothed.) Accordingly, Plaintiff's claims against this non-juridical entity are frivolous and dismissal on that basis is recommended.

### 3. Parish Sheriff's Offices/Departments and Police Departments

Plaintiff's claims against the Lafayette Parish Sheriff's Office, the Iberia Parish Sheriff's Department, and the Broussard Police Department are also subject to dismissal. Courts have consistently held that city police departments are merely "branches or parts of the greater corporate body politic or judicial entity" and thus lack the capacity to be sued. *Clark v. Lafayette Police Dept.*, No. 18-CV-58, 2018 (Citing *Brown v. City of Alexandria*, No. 17-CV-798 (W.D. La. 2018)). Accordingly, these various offices and departments are not separate legal entities capable of being sued. *Lavergne v. Lafayette Parish Sheriff's Office*, 2014 U.S. Dist. LEXIS 30147 (W.D. La. 2014) (*citing Hicks v. Tarrant County Sheriff's Dept.*, 352 Fed. Appx. 876, 878, 2009 WL 2762378, *1 (5th Cir. 2009)(internal citations

7

omitted). Plaintiff's claims against these entities are thus frivolous and dismissal on that basis is recommended.

### 4. **State of Louisiana, Department of Children and Family Services, & Lafayette District Attorney's Office**

The Eleventh Amendment generally bars private suits against nonconsenting states in federal court. *Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 253 (2011) ("Sovereign immunity is the privilege of the sovereign not to be sued without its consent."). "The Supreme Court has recognized that sovereign immunity also prohibits suits against state officials or agencies that are effectively suits against a state." *City of Austin v. Paxton*, 943 F.3d 993, 997 (5th Cir. 2019). However, the Supreme Court has recognized an exception to Eleventh Amendment sovereign immunity, where a party brings a suit "for injunctive or declaratory relief against individual state officials acting in violation of federal law." *Raj v. La. State Univ.*, 714 F.3d 322, 328 (5th Cir. 2013) (citing *Ex parte Young*, 209 U.S. 123 (1908)). "In determining whether the doctrine of *Ex parte Young* avoids an Eleventh Amendment bar to suit, a court need only conduct a 'straightforward inquiry' into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *In Verizon Md. Inc. v. Public Serv. Comm'n of Md.*, 535 U.S. 635 (2002) (quoting *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 296 (1997)).

Plaintiff seeks the immediate return of her children and at least $12,000,000.00 in monetary damages. (Rec. Doc. 1). Although Plaintiff's claims for damages are barred by the Eleventh Amendment, her claims for the prospective relief of the return of her children to her custody could satisfy the straightforward inquiry. The question remains, however, as to which state defendants Plaintiff may sue for this prospective injunctive relief.

Plaintiff's primary causes of action in her complaint appears to arise under § 1983, the federal civil rights statute imposing liability on "every person" who under color of law deprives another person of his or her civil rights. *See* 42 U.S.C. § 1983. The State of Louisiana itself is not amenable to any suit under § 1983, for damages or for injunctive relief, as the Supreme Court has held that it is not a person for purposes of § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65 (1989). The same is true for the Department of Children and Family Services and the Lafayette District Attorney's Office as agencies; they are not a person within the meaning of § 1983. *Id.* at 71. Accordingly, it is recommended that the State of Louisiana, the Department of Children and Family Services, and the Lafayette District Attorney's Office be dismissed from this action.

### 5. Claims against Judges

#### 1. *Official Capacity Claims*

Plaintiff sues Judges Theall and Blanchet for alleged violations of her constitutional rights in their official capacities. An official capacity claim is merely another way of pleading an action against the entity of which the individual defendant is an agent. See *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). Plaintiff's suit against Louisiana state judges in their official capacities is a suit against the State of Louisiana. As noted above, the Eleventh Amendment states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." "This withdrawal of jurisdiction effectively confers an immunity from suit." *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.,* 506 U.S. 139, 144 (1993). Therefore, "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 663 (1974). Although Congress has the power to abrogate that immunity through the Fourteenth Amendment, *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 72-76 (2000), and the State may waive its immunity by consenting to suit, *AT&T Communic'ns v. BellSouth Telecomms. Inc.*, 238 F.3d 636, 643 (5th Cir. 2001), the State has not waived its immunity by consenting to suit, nor has Congress abrogated the Eleventh

10

Amendment immunity by enacting 42 U.S.C. § 1983. *See Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71 (1989). Thus, Judge Theall and Judge Blanchet have Eleventh Amendment immunity for claims asserted against them in their official capacities. *Warnock v. Pecos County, Tex.*, 88 F.3d 341, 343 (5th Cir. 1996). Therefore, it is recommended that Plaintiff's official capacity claims against Judge Theall and Judge Blanchet be dismissed.

### 2. *Individual Capacity Claims*

Plaintiff's claims against Judges Theall and Blanchet stem from various family court proceedings and child custody rulings, and, therefore, arise out of the performance of their judicial duties. Judges have absolute immunity for acts done within the scope of their jurisdiction. *Stump v. Sparkman*, 435 U.S. 349 (1978). Judges are immune from suit for damages resulting from any judicial act unless performed in "the clear absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). Allegations of bad faith or malice do not overcome judicial immunity. *Id.* at 11. The Fifth Circuit has delineated three elements to identify acts as being judicial in nature, and thus not in the clear absence of all jurisdiction: "(1) normal judicial functions that (2) occurred in the judge's court or chambers and were (3) centered around a case pending before the judge." *Eitel v. Holland*, 787 F.2d 995, 998 (5th Cir.1986). These factors are construed liberally in favor of immunity. *Adams v. McIlhany*, 764 F.2d 294, 297 (5th Cir.1985). As the claims against Judges Theall

and Blanchet meet the criteria set forth above and Plaintiff has not alleged that either judge acted without jurisdiction, the judges are absolutely immune from the claims for monetary damages asserted against them. See *Nixon*, 457 U.S. at 745–46. Plaintiff's § 1983 claims against the judges in their individual capacities should be dismissed.

### 6. Claims against Court Employees

#### 1. *Law Clerks and Secretaries*

Like judges, judicial employees are absolutely immune when they act, whether "in bath faith or with malice" pursuant to a court order or a judge's instructions because the employee is "act[ing] as the arm of the judge and comes within his absolute immunity." *Williams v. Wood*, 612 F.2d 982, 985 (5th Cir. 1980); *see also Severin v. Parish of Jefferson*, 357 Fed. Appx. 601, 605 (5th Cir. 2009) (granting absolute immunity to "employees of the Louisiana Fifth Circuit Court of Appeal who acted pursuant to the procedures allegedly implemented by the judges"). Accordingly, it is recommended that Courtney Guillory (law clerk), Jean Hill (law clerk), and Kim Melancon (judge's secretary) be dismissed from this action.

#### 2. *Hearing Officers*

Plaintiff names Kelly Sanford and Karala Smith, Hearing Officers at the 15th JDC, as defendants. Like judges, a hearing officer is also entitled to both absolute immunity and Eleventh Amendment immunity. See *August v. Brinkhaus*, 2018 U.S.

Dist. LEXIS 96985, 2018 WL 27603353, at *2 (W.D. La. May 8, 2018), report and recommendation adopted, 6:18-CV-00139, 2018 U.S. Dist. LEXIS 96247, 2018 WL 2746007 (W.D. La. June 7, 2018). Accordingly, as with Judges Theall and Blanchet, dismissal is recommended.

### 3. *State Commissioner*

Plaintiff's claims against Commissioner Douget concern actions that are exclusively within the scope of his role as a judicial officer and therefore within his jurisdiction. Consequently, the doctrine of absolute judicial immunity also bars Plaintiff's suit against Commissioner Douget. For these reasons, it is recommended Plaintiff's claims against this defendant be dismissed.

### 4. *District Attorney & Assistant District Attorney Chris Richard*

Any claim for monetary damages against District Attorney Donald Landry and Assistant District Attorney Richard is barred by the doctrine of absolute immunity. A district attorney and his assistants are absolutely immune in a civil rights suit for any action taken pursuant to their role as prosecutors in preparing for the initiation of judicial proceedings and in presenting the State's case. *See Kalina v. Fletcher*, 522 U.S. 118, 129 (1997); *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976); *Esteves v. Brock*, 106 F.3d 674, 676 (5th Cir.1997). Absolute immunity applies "[e]ven where the prosecutor knowingly used perjured testimony, deliberately withheld exculpatory information, or failed to make full disclosure of

13

all facts." *Henzel v. Gerstein*, 608 F.2d 654, 657 (5th Cir. 1979). Absolute immunity protects prosecutors from all liability even when they act "maliciously, wantonly or negligently." *Morrison v. City of Baton Rouge*, 761 F.2d 242, 248 (5th Cir. 1985).

Plaintiff has not alleged any specific action on the part of these defendants that would fall outside of their role as state advocates. As such, they are entitled to absolute prosecutorial immunity. *See Imbler*, 424 U.S. at 430 (absolute immunity protected prosecutor from suit even for knowingly using perjured testimony and suppressing material evidence at plaintiff's murder trial). Accordingly, it is recommended that Plaintiff's claims against District Attorney Donald Landry and Assistant District Attorney Richard be dismissed.

### 7. Private Attorneys and Private Parties/Entities

Plaintiff names several private attorneys, private individuals, and private entities involved in her state custody case as defendants in this action. Under § 1983, individuals maintain a private right of action to redress the violation of constitutional rights or federal law by those acting under color of state law. *Tex. Mfr'd. Hous. Ass'n, Inc. v. City of Nederland*, 101 F.3d 1095, 1106 (5th Cir. 1996). The statute is not itself a source of substantive rights, but rather it "merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 114 S. Ct. 807, 811 (1994) (quoting *Baker v. McCollan*, 99 S. Ct. 2689, 2694, n.3 (1979)). To state a claim of relief under § 1983 against these individuals/entities, Plaintiff must allege

that they were a person acting under color of state law who deprived her of a right secured by the Constitution or the laws of the United States. *American Mfrs. Mut. Ins. Co. v. Sullivan*, 119 S. Ct. 977, 985 (1999); *Augustine v. Doe*, 740 F.2d 322, 324-25 (5th Cir. 1984). In allegations like those brought by Plaintiff, where a private citizen is alleged to have committed a § 1983 violation, the plaintiff must offer proof that the citizen is either a state actor or conspired with state actors. *See Priester v. Lowndes Cnty.*, 354 F.3d 414, 420 (5th Cir. 2004).

Here, Plaintiff specifically states in her complaint that "all defendants either work for or with the courthouse/officers of the court/court ordered services, law enforcement." (Rec. Doc. 1, p. 16). However, this is not true. The following named defendants are private citizens or entities:

- William Keaty, private attorney
- Rebecca Bayless, private attorney
- Bradford Felder, private attorney
- Julie Felder, private attorney
- Larry Brasher, Sr.
- Donna Brasher
- Larry Brasher, Jr., Plaintiff's ex-husband
- Shaun Fritz, father of minor child AVF
- Brittany Fritz, wife of Shaun Fritz

15

- Tracy Doshier, paternal grandmother of minor child PJL
- Worth Counseling Group, paid therapy for minor children
- Christy Nicko, therapist at Worth Counseling Group
- St. Pius Elementary School
- Scott Frank, Cajun Detective, private detective

Plaintiff makes a non-defendant specific conclusory allegation that individuals "conspired deprivation of rights leading to sexual abuse & kidnapping under color of law." (*Id.*). However, even construing the facts alleged in Plaintiff's complaint as broadly as is permissible, her complaint does not allege an agreement between any of these private individuals and any state actor to commit an illegal act in violation of Plaintiff's constitutional rights, nor does it allege specific facts to show such an agreement. *See Priester*, 354 F.3d at 420. Purely private conduct, no matter how wrongful, is not within the protective orbit of § 1983. *Shelley v. Kraemer*, 334 U.S. 1, 13 (1948). Accordingly, it is recommended that the above-named defendants be dismissed from this action.

### C. Remaining Defendants

Contemporaneous to this Report and Recommendation, the Court is issuing an Order for More Definite Statement regarding the remaining named defendants:

- Detective Sarah Lawton, Lafayette Parish Sheriff
- Sgt. Matt Doucet, Lafayette Parish Sheriff

- Jake Guillory, Bailiff

- Colby Sigue, Iberia Parish deputy

- Tommy Romero, Chief of Iberia Parish Sheriff

- Kenneth Boullion, court ordered mental health evaluator

- Vance Olivier, Chief Broussard police department

- Mary Gautreaux, social worker

- Erika Zeno, social worker

- Marlo Smith, Department of Children & Family Services supervisor

- Stutes, named defendant no. 41 (Rec. Doc. 1)

Service upon these defendants should be withheld pending this Court's review under 28 U.S.C. § 1915(e).

## **Conclusion**

For the reasons discussed herein, the Court recommends that Plaintiff's claims against the 15th Judicial District Court; Lafayette Parish Corrections Center; Lafayette Parish Sheriff's Office; Iberia Parish Sheriff's Department; Broussard Police Department; State of Louisiana; the Department of Children and Family Services; Lafayette District Attorney's Office; Judge Theall; Judge Blanchet; Courtney Guillory; Jean Hill; Kim Melancon; Kelly Sanford; Karala Smith; Commissioner Douget; District Attorney Donald Landry; Assistant District Attorney Chris Richard; William Keaty; Rebecca Bayless; Bradford Felder; Julie

Felder; Larry Brasher, Sr.; Donna Brasher; Larry Brasher, Jr.; Shaun Fritz; Brittany Fritz; Tracy Doshier; Worth Counseling Group; Christy Nicko; St. Pius Elementary School; and Scott Frank/the Cajun Detective be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

THUS DONE in Chambers, Lafayette, Louisiana on this 11th day of June, 2024.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE