UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **JACI LOVELESS BRASHER** | **CASE NO. 6:24-CV-00207** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **15th JUDICIAL DISTRICT COURT, ET AL** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

## REPORT AND RECOMMENDATION

On June 11, 2024, the undersigned notified *pro se* Plaintiff Jaci Brasher that the Court could dismiss this case for failure to prosecute unless, within 21 days, she filed a More Definite Statement of the claims she seeks to present to the Court against the following named defendants:

- Detective Sarah Lawton, Lafayette Parish Sheriff
- Sgt. Matt Doucet, Lafayette Parish Sheriff
- Jake Guillory, Bailiff
- Colby Sigue, Iberia Parish deputy
- Tommy Romero, Iberia Parish Sheriff
- Kenneth Boullion, court ordered mental health evaluator
- Vance Olivier, Chief Broussard police department
- Mary Gautreaux, social worker
- Erika Zeno, social worker
- Marlo Smith, child services supervisor
- Stutes, named defendant no. 41

(Rec. Doc. 14).

The Court explained that upon screening Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e), it had jurisdictional concerns as many named defendants may be

immune to suit and/or the *Rooker-Feldman* doctrine may bar the Court from exercising jurisdiction over the subject of this family law matter in its entirety. Therefore, before ordering service of Plaintiff's complaint, the Court ordered Plaintiff to file a more definite statement. (*Id.*). Plaintiff failed to respond to the court order and/or file a more definite statement. For the reasons that follow, it is recommended that Plaintiff's complaint be dismissed without prejudice for failure to prosecute.

## **Background**

Plaintiff filed a Complaint for Violation of Civil Rights (Rec. Doc. 1) on February 9, 2024, naming a multitude of defendants, including the judges and staff of the Fifteenth Judicial District Court ("15th JDC"), the 15th JDC, the State of Louisiana, several local police departments and sheriff offices, as well as various seemingly unrelated private entities, including attorneys, counselors, mental health therapists, the Department of Children and Family Services, several social workers, and a private elementary school. (*Id.*). Plaintiff seeks relief under 42 USC § 1983 requesting, in part, "immediate recovery of minor children"; "injunction to prohibit further retaliation, abuse of judicial system, prohibit filings that are fraudulent"; "void/vacate all fraud orders obtained through fraud of the court"; "removal of office for all involved in the conspiracy against suspension rights [and] crimes against children/humanity"; "damages for all of the irreparable harm that will be lifelong

2

trauma"; damages for the malicious prosecution in family court, which was not due process[,] $12,600,000 – 7 days - $1,800,00/day." (*Id*. at pp. 17-18). The allegations relate to a child custody dispute occurring in the 15th JDC resulting in the removal of Plaintiff's children from her custody. (*Id*.). Plaintiff's Complaint includes almost 400 pages of various writings and documents attached as Exhibits A and B. (Rec. Docs. 1-2 & 1-3).

On June 27, 2025, the Court entered a Judgement adopting the June 11, 2024 Report and Recommendation dismissing with prejudice Plaintiff's claims against the 15th Judicial District Court; Lafayette Parish Corrections Center; Lafayette Parish Sheriff's Office; Iberia Parish Sheriff's Department; Broussard Police Department; State of Louisiana; the Department of Children and Family Services; Lafayette District Attorney's Office; Judge Theall; Judge Blanchet; Courtney Guillory; Jean Hill; Kim Melancon; Kelly Sanford; Karala Smith; Commissioner Douget; District Attorney Donald Landry; Assistant District Attorney Chris Richard; William Keaty; Rebecca Bayless; Bradford Felder; Julie Felder; Larry Brasher, Sr.; Donna Brasher; Larry Brasher, Jr.; Shaun Fritz; Brittany Fritz; Tracy Doshier; Worth Counseling Group; Christy Nicko; St. Pius Elementary School; and Scott Frank/the Cajun Detective. (Rec. Doc. 16).

On June 11, 2024, the Court entered an Order for More Definite Statement regarding the remaining named defendants warning Plaintiff of possible dismissal

3

for failure to comply. (Rec. Doc. 14). Plaintiff failed to respond to the court order and/or file a more definite statement.

## Law and Analysis

The Federal Rules of Civil Procedure provide that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed.R.Civ.P. 41(b)(in pertinent part). The Supreme Court has interpreted this rule as authorizing the district court to dismiss an action *sua sponte*, even without motion by the defendant. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31(1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988).

Dismissal is warranted in these circumstances. The Court is empowered to screen any civil complaint filed by a party proceeding *in forma pauperis* to determine whether the claims presented (1) are frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e). As discussed in the June 11, 2024 Report and Recommendation, the Court has jurisdictional concerns as many named defendants may be immune to suit and/or the *Rooker-Feldman* doctrine may bar the Court from exercising jurisdiction over the subject of this family law matter in its

entirety. The Court is unable to properly screen Plaintiff's complaint as currently written. Accordingly, in order to assist Plaintiff, the Court enumerated specific requests regarding the remaining named defendants and ordered Plaintiff to file a more definite statement within 21 days. (Rec. Doc. 14). Plaintiff failed to do so and has not demonstrated adequate interest in pursuing the case to warrant the Court spending additional time or resources on the matter. Accordingly, it is recommended that Plaintiff's complaint be dismissed without prejudice for failure to prosecute.

## Conclusion

For the reasons discussed herein, the Court recommends that Plaintiff's complaint be DISMISSSED WITHOUT PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual

findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

THUS DONE in Chambers, Lafayette, Louisiana on this 12th day of July, 2024.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE